**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JAMES RICHARD McCUTCHEN** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **NO. 3:16-0762** |
| | ] | **JUDGE CRENSHAW** |
| **WESTMORELAND, P.D., et al.** | ] | |
| **Defendants.** | ] | |

# M E M O R A N D U M

Plaintiff, proceeding *pro se*, is a pre-trial detainee at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Westmoreland, Tennessee Police Department and one of its members, Karl Haynie, seeking damages.

On September 2, 2015, Officer Haynie arrested the Plaintiff for domestic violence and misdemeanor vandalism. The Plaintiff alleges that, due to the Defendants' neglect, he "was subjected to being assaulted, denied my rights to be innocent until proven guilty, criminal negligence on both defendants and due process/discrimination." Docket Entry No. 1 at pg. 5.

This action is being brought against Officer Haynie in his official capacity only. Because the Plaintiff in an official capacity action seeks damages not from the individually named Defendant but from the entity for which the Defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the Plaintiff's claims are against Westmoreland, Tennessee, the municipal entity that employs Officer Haynie.

1

Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Westmoreland or its agent, the Westmoreland Police Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Westmoreland or the Westmoreland Police Department to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the Plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The Plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Westmoreland or the Westmoreland Police Department. Consequently, the Plaintiff has failed to state a claim against the Defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE